**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| DAG RHODES, | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CV 126-166 |
| | * | |
| WARDEN DELVIN PEOPLES,[1] | * | |
| | * | |
| Respondent. | * | |

**O R D E R**

Petitioner, represented by counsel, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee.

The Court hereby **ORDERS** Respondent to answer in writing the allegations of the petition within sixty days of the date of this Order. Pursuant to Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, the answer shall include the following:

1. certified copy of the trial transcript from Petitioner's state court conviction;

2. certified copy of the transcript from Petitioner's state habeas corpus hearings;

3. decision of the state habeas courts; and,

[1] The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption, because the only proper Respondent is Delvin Peoples, the Warden at Macon State Prison, Petitioner's current place of incarceration. See Rule 2(a) of the Rules Governing § 2254 cases.

4. if Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of Petitioner's and Respondent's brief on appeal and the opinion of the appellate court, if any, as to each proceeding.

Either with the filing of the answer or within fifteen days, Respondent shall move for dismissal or explain in writing why the petition cannot be adjudicated by a motion to dismiss. Copies of all filed exhibits referenced in Respondent's pleadings must be served on Petitioner. Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073, 1077 (11th Cir. 2014).

Petitioner and Respondent shall submit to the Court their respective briefs of law within the aforementioned sixty-day period, not to exceed twenty-six typewritten pages, double-spaced on letter-sized paper. Petitioner and Respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts. Unless and until Petitioner demonstrates that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence

and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the Memorandum effective December 1, 2015, entry of this Order on the docket by the Clerk complies with the requirement of service of the petition on the respondent, the Attorney General, or other appropriate officer. See General Order, MC 415-022 (S.D. Ga. Dec. 3, 2015). Pursuant to that Memorandum, service is accepted upon entry of this Order. The Court further **ORDERS** the **CLERK** to serve this Order upon Petitioner.

**ORDER ENTERED** at Augusta, Georgia, this 18th day of August, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA